Student DOE, by and through his next
friends, John and Jane Doe,
Plaintiff—Appellant,

v.

MERCER ISLAND SCHOOL DIS-
TRICT NO. 400, a municipal corpora-
tion; Cynthia S. Simms, individually
and in her official capacity as Super-
intendent of the Mercer Island School
District, Defendants—Appellees.

No. 07–35072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2008.

Filed Aug. 5, 2008.

David Girard, David Girard PS, James
E. Lobsenz, Carney Badley Spellman, PS,
Seattle, WA, for Plaintiff–Appellant.

Diana Virginia Blakney, Michael Barry Tierney, Mercer Island, WA, for Defendants–Appellees.

Before: BRUNETTI and CALLAHAN, Circuit Judges, and BENITEZ,* District Judge.

## MEMORANDUM **

Student Doe, by and through his next friends, John and Jane Doe, appeals the district court's grant of summary judgment to Mercer Island School District (the "School District") and Superintendent Cynthia S. Simms. Student Doe challenges his emergency expulsion on both procedural and substantive due process grounds and seeks an expungement of the records related to this incident that are kept by the School District. The facts are known to the parties and are repeated here only as necessary. We affirm.

■ The Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. We find that the School District's emergency expulsion of Student Doe complied with the Supreme Court's mandate in *Goss v. Lopez,* 419 U.S. 565, 579, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), to provide "some kind of notice" and "some kind of hearing." A representative of the School District met with Student Doe and his mother the morning of Student Doe's expulsion and gave them oral notice of his exclusion pending a meeting with Superintendent

Simms to discuss emergency expulsion. Later that evening, Superintendent Simms met with Student Doe and his parents for several hours to discuss the incident and her concerns. As the School District's decisionmaker, Superintendent Simms testified in her deposition that she did not formally make the decision to emergency expel Student Doe until near the end of this meeting. Accordingly, we find that Student Doe's procedural due process rights were not violated because he was provided with adequate notice and hearing.

■ Although students do not "shed their constitutional rights ... at the school house gate," *Tinker v. Des Moines Indep. Cmty. Sch. Dist.,* 393 U.S. 503, 506, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969), the Supreme Court has stated that "maintaining security and order in the schools requires a certain degree of flexibility in school disciplinary procedures...." *New Jersey v. T.L.O.,* 469 U.S. 325, 340, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Superintendent Simms testified that she made the decision to emergency expel Student Doe based on her knowledge of Student Doe's assault on his sisters and her concern that Student Doe might be a threat to the school. We find that the School District's emergency expulsion of Student Doe was consistent with Washington Administrative Code § 392–400–295 and did not violate his substantive due process rights. *See LaVine v. Blaine Sch. Dist.,* 257 F.3d 981, 992 (9th Cir.2001) (stating that we must review "with deference, schools' decisions in connection with the safety of their students").

■ Finally, we affirm the district court's denial of Student Doe's request to expunge his records from this incident. The School District has represented to this

---

\* The Honorable Roger Benitez, Judge of the United States District Court for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court that the only records related to this incident are maintained in an internal, confidential file. This internal file is not part of Student Doe's permanent record and consists solely of two letters—the initial decision to emergency expel Student Doe and the reinstatement letter. Student Doe has not alleged, nor is there any evidence to indicate, that his internal file does not contain an accurate, contemporaneous record of his emergency expulsion. *See La-Vine*, 257 F.3d at 992. We also find it significant that the School District has represented to this court that Student Doe's emergency expulsion was rescinded under Washington Administrative Code § 392–400–295 and that the School District will shred Student Doe's internal file upon his graduation from high school.

**AFFIRMED.**